IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| C/F INTERNATIONAL, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06 C 1329 |
| ) | |
| DARRYL PAYNE, d/b/a IMG, Inc. & d/b/a ) | |
| IMG International, Inc.; THELMA PAYNE; ) | |
| and BEVERLY PROPERTIES REALTY, LLC, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

C/F International has sued Darryl Payne; his wife Thelma Payne; and Beverly Properties Realty, LLC, which is allegedly owned by Mrs. Payne, seeking to void several transfers of property allegedly made in a fraudulent effort to make Mr. Payne judgment-proof. The defendants filed alternative motions for summary judgment, dismissal, judgment on the pleadings, and a stay. On June 29, 2006, the Court denied defendants' motion for summary judgment based on their failure to comply with Northern District of Illinois Local Rule 56.1(a). The Court now addresses the remaining motions.

### Facts

CFI originally sued Mr. Payne, his company IMG International, Inc. (also known as IMG Inc.), and Classic World Productions, Inc., another one of his companies, for copyright infringement and breach of contract. CFI obtained a judgment totaling $1,063,221 against the defendants, jointly and severally. *C/F Int'l v. Classic World Prods., Inc.*, No. 01-CV-3624, slip op. (D.N.J. Dec. 28, 2004). CFI subsequently filed a supplemental action in this Court to enforce the

judgment. While conducting discovery in the supplemental proceeding, CFI learned that Mr. Payne and IMG had made several property transfers to Mrs. Payne and Beverly Properties during the time period immediately before and after CFI filed its initial lawsuit. Compl. ¶ 2. CFI now contends that these transfers were fraudulent. It asks the Court to find such transfers void and to place the relevant assets in a constructive trust. *Id.* ¶ 45.

## Discussion

CFI's complaint does not cite a specific statute or common law doctrine, but all of the parties focus on the Illinois Uniform Fraudulent Transfer Act. 740 ILCS 160/1 *et seq.* The UFTA provides that a transfer made either before or after a debtor incurs an obligation to a creditor is fraudulent as to that creditor if the transfer was made:

(1) with actual intent to hinder, delay or defraud any creditor of the debtor; or

(2) without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

> (A) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
> (B) intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they become due.

740 ILCS 160/5(a).

CFI claims that several transfers Mr. Payne allegedly made were fraudulent and should be declared void. Specifically, CFI cites Mr. Payne's transfer of the interest in his home to Mrs. Payne; his transfer to Beverly Properties of the purchase money for a commercial condominium; and his "depletion of all of the assets of IMG for his personal use." Compl. ¶ 1.

The Court first examines the defendants' motions to dismiss or for judgment on the pleadings. A court cannot grant a motion to dismiss or a motion for judgment on the pleadings

2

unless "it appears beyond doubt that the plaintiff cannot prove any set of facts" that would entitle it to relief. *County of McHenry v. Ins. Co. of West*, 438 F.3d 813, 819 (7th Cir. 2006) (motion to dismiss); *Gustafson v. Jones*, 117 F.3d 1015, 1017 (7th Cir. 1997) (motion for judgment on the pleadings).

The defendants contend that CFI's claims are time-barred. To bring a claim under paragraph one of section 5(a) of the UFTA, a plaintiff must file suit "within 4 years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant." 740 ILCS 160/5(a)(1) & 160/10(a). To bring a claim under paragraph two of the same section, a plaintiff must file suit "within 4 years after the transfer was made or the obligation was incurred." 740 ILCS 160/5(a)(2) & 160/10(b). The parties address only whether CFI satisfies the statute of limitations for claims filed under paragraph one.

Though the defendants contend the statute of limitations bars any claims based on transfers that occurred more than four years before CFI filed this lawsuit, they ignore the fact that a plaintiff may also challenge a transfer "within one year after the transfer or obligation was or could reasonably have been discovered by the claimant." 740 ILCS 160/10(a). That is exactly what CFI alleges here: it claims that it learned of the transfers at issue during discovery in the supplemental proceeding and subsequently filed a complaint within one year of discovery. *See* Compl. ¶ 2.

The defendants respond that CFI's complaint is inadequate because it fails to provide a reason for CFI's late discovery of Mr. Payne's alleged fraudulent transfers. They cite *Gilbert Bros., Inc. v. Gilbert*, 258 Ill. App. 3d 395, 399, 630 N.E.2d 189, 192 (1994), a case in which the Illinois Appellate Court concluded that "[a]n action brought under the fraudulent conveyance act is time barred unless the complaint contains an explanation of why discovery of the alleged fraud

3

could not have occurred prior to the expiration of the limitations period."

As anyone familiar with federal civil procedure should know, however, federal notice-pleading standards apply in diversity actions, not Illinois' stricter fact-pleading requirements. *See, e.g., Johnson v. Hondo, Inc.,* 125 F.3d 408, 417 (7th Cir. 1997). Under federal pleading standards, a plaintiff need not negate defenses – such as the statute of limitations – in its complaint. *See, e.g., Clark v. City of Braidwood*, 318 F.3d 764, 767-68 (7th Cir. 2003). CFI has alleged that it discovered the transfers at issue here within a year of filing its complaint and has provided no indication that its delay in discovering the transfers was unreasonable. This is all that federal pleading standards require. For these reasons, the Court declines to dismiss CFI's claims or grant judgment on the pleadings in the defendants' favor based on the alleged expiration of the statute of limitations.

The defendants also argue that the Court should dismiss or grant judgment on the pleadings on CFI's claim to the extent it challenges Mr. Payne's transfer of funds to Beverly Properties for the purchase of a commercial condominium. The defendants cite an affidavit from Mr. Payne in which he states that Classic World was the entity that transferred the funds used to purchase the condominium. *See* Payne Aff. ¶ 7. As a result, Mr. Payne contends, CFI has failed to state a claim against him based on this transaction. As CFI correctly points out, however, the Court may not consider matters outside the pleadings, including Mr. Payne's affidavit, in deciding a motion to dismiss or a motion for judgment on the pleadings. Fed. R. Civ. P. 12(b) & 12(c). Without Mr. Payne's affidavit, the Court is left with CFI's complaint, which alleges that Mr. Payne, not Classic World, transferred the funds in question. *See* Compl. ¶¶ 21-22. The Court therefore denies defendants' motions with regard to this transfer.

Finally, the defendants contend that the Court should stay these proceedings because CFI,

as a practical matter, is challenging the transfers of Classic World, an entity that is in bankruptcy. 11 U.S.C. § 362(a). There is, however, nothing in the complaint or the defendants' submissions indicating that Mr. Payne's transfer to his wife of his interest in their home involved Classic World assets at all. With regard to the Beverly Properties transfer, the complaint likewise alleges that what is being challenged is Mr. Payne's transfer of funds he borrowed personally in return for a pledge of his own assets. *See* Compl. ¶ 21. The complaint makes reference to Classic World's later payments of rent on the condominium directly to Mr. Payne's lender. *See id.* ¶ 28. But at present, it does not appear that CFI is seeking to void those transfers. Thus based on the complaint as the Court understands it at this point, the Beverly Properties transfer that is being challenged does not involve any transfers by CFI. The third set of transfers challenged by CFI concerns Mr. Payne's alleged depletion of IMG's assets. The complaint says that Mr. Payne transferred these assets "to Ms. Payne either directly, or indirectly by first passing such funds through Classic World." *Id.* ¶ 36.

At matters now stand, the Bankruptcy Code's automatic stay provision does not apply to the transfer of Mr. Payne's interest in the house, which is not claimed by either side to involve Classic World. The automatic stay would not appear to apply to the Beverly Properties transfer, at least as CFI casts its claim at this point. But the stay may well apply to some portion of the IMG transfers. Given this somewhat muddled situation, the Court believes that the most prudent course is to defer ruling on defendants' stay motion in order to seek further clarification from CFI regarding what exactly it is attacking with regard to the Beverly Properties and IMG transfers, as well as the input of Joseph Voiland, the trustee appointed in the Classic World bankruptcy case.

## Conclusion

For the reasons stated above, the Court denies defendants' motion to dismiss and their

motion for judgment on the pleadings. Ruling on defendants' motion to stay is deferred. Plaintiff is directed to file a supplemental memorandum, by no later than August 10, 2006, specifying, to the extent possible, the particular transfers that it is seeking to invalidate by way of this action. The Court also requests that Classic World's chapter 7 trustee, Joseph Voiland, make a written submission to the Court by no later than August 17, 2006, stating his views on whether any part of this case should be stayed pursuant to 11 U.S.C. § 362(a).[1] The case is set for a status hearing on August 24, 2006 at 9:30 a.m. Counsel for the parties and for the trustee are directed to appear.

                                                                                                               MATTHEW F. KENNELLY
                                                                                                               United States District Judge

Date: August 3, 2006

---

[1] Counsel for the parties to this case are directed to provide Mr. Voiland's counsel, forthwith, a copy of this order as well as the complaint in this case, the motion to stay, and the briefs filed to date.